UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Balvinder Singh (A078 434 763),<br><br>                    Petitioner,<br>      v.<br><br>Warden, Northwest ICE Processing Center, et al.,<br><br>                Respondents. | CASE NO. 3:26-cv-05096<br><br>ORDER GRANTING TEMPORARHY RESTRAINING ORDER |

Shortly after 10:00 p.m. on February 2, 2026, Petitioner filed a petition for writ of habeas corpus together with an ex parte motion for temporary restraining order.  (Dkt. Nos. 1, 2.)  The following is a brief summary of the facts alleged in the petition, the motion for temporary restraining order and the supporting documents.

Petitioner is currently detained by Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC").  His detention commenced on January 15, 2026.  Petitioner is a native and citizen of India who entered the United States approximately 15 years ago without inspection.  On January 18, 2012, Petitioner was ordered removed from the United

ORDER GRANTING TEMPORARHY RESTRAINING ORDER - 1

States but "because ICE could not acquire travel documents" for Petitioner's removal, ICE released Petitioner on an order of supervised release on April 22, 2013. Petitioner has never violated the terms of the order of supervised release.

On February 23, 2018, Petitioner filed an application for a U-visa with United States Citizenship and Immigration Services ("USCIS") based on Petitioner having been a victim of a crime (an armed robbery) in 2009. The U-visa application remains pending with USCIS, which to this day has never issued a bona fide determination. Petitioner asserts that USCIS, through a government attorney, has agreed to expedite a bona fide determination of Petitioner's U-visa application.

Petitioner asserts he appeared for a check-in with ICE on January 15, 2026. At that check-in, Petitioner was re-detained. Petitioner alleges ICE re-detained him without following the procedures outlined in 8 C.F.R. § 241.13(i)(2)–(3), which pertain to individuals who ICE previously has determined there was "no significant likelihood of removal to the country to which he or she was ordered removed." Among other things, Petitioner asserts ICE (1) never informed him of any change in circumstances, (2) provided no evidence of any change in circumstances, (3) never informed him of the reasons for revocation of his order of supervised release, and (4) never provide Petitioner an opportunity to respond to the any reasons asserted for the revocation of his supervised release. Petitioner also asserts ICE violated its own internal policy by failing to consult with the Office of Principal Legal Advisor before engaging in enforcement action against a U-visa applicant.

Petitioner asserts he has been informed that he will be transported to Texas at 2:00 a.m. on February 3, 2026 and thereafter will be removed from the United States.

ORDER GRANTING TEMPORARHY RESTRAINING ORDER - 2

Petitioner asserts various causes of action against Respondents including violation of due process, violation of removal regulations, violation of Respondents' internal policies related to U-visa applicants, and violation of the Administrative Procedures Act.

Petitioner's counsel identifies they only learned of ICE's intent to transport Petitioner to Texas in the late afternoon on February 2, 2026.  Petitioner's counsel asserts he will serve Respondents as soon as reasonably possible but that issuance of a TRO without notice is necessary because of Petitioner is expected to be transferred to Texas at 2:00 a.m. on February 2, 2026; in other words, it was impossible to provide notice prior to filing the petition and the motion for TRO.

## ORDER

Having reviewed the petition, the ex parte motion for temporary restraining order, and supporting documents, the Court finds Petitioner meets the standard for issuance of an ex parte temporary restraining order and GRANTS Petitioner's motion for issuance of an ex parte temporary restraining order as follows:

1. The Government and Respondents ARE PROHIBITED from removing Petitioner from the United States or this jurisdiction—i.e., the Western District of Washington—without further order of this Court.

2. This Order has been issued without notice because Petitioner is currently in ICE custody and he is subject to immediate removal from this jurisdiction to Texas to stage his removal from the United States.  Such removal would deprive Petitioner the ability to challenge the lawfulness of his detention and Respondents' authority to remove him from the United States.  This loss constitutes irreparable harm as does the loss of liberty based on what may be an invalid re-detention process.

ORDER GRANTING TEMPORARHY RESTRAINING ORDER - 3

3. This Order was issued without notice because Petitioner's counsel was not able to provide notice given the timing of when Petitioner learned of his transfer to Texas and the timing of the filing of his petition and motion for TRO.

4. This Order will expire no later than 14 days from the date of its entry.

5. Petitioner is ordered to effectuate immediate service of the petition, the motion for temporary restraining order, and this Order on Respondents to USAWAW.ImmigrationHabeasService@usdoj.gov.

6. Once service is accomplished, Petitioner's counsel SHALL confer with Respondents' counsel and agree on a briefing schedule regarding the potential issuance of a preliminary injunction.  If the Parties can agree on a briefing schedule, they SHALL file a stipulated briefing schedule with the Court, along with any other stipulations the Parties may agree on for the pendency of this case.  It is the Court's preference that the Parties agree to the Court's standard scheduling order for reviewing and deciding habeas petitions as adopted via General Order 10-25, which is found at https://www.wawd.uscourts.gov/sites/wawd/files/General%20Order%2010-25%20re%20Immigration%20Habeas.1.pdf.  If agreement cannot be reached, then Respondents SHALL respond to the motion for TRO on the schedule set by Local Civil Rule 65 once service is accomplished.

7. The Parties SHALL contact the courtroom deputy of the assigned judge by email if they wish to schedule oral argument.

\\

\\

\\

ORDER GRANTING TEMPORARAHY RESTRAINING ORDER - 4

8. This Temporary restraining was issued at 12:20 a.m. Pacific Standard Time on February 3, 2026.

Dated this 3rd day of February, 2026.

David G. Estudillo
United States District Judge